UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 1:17-CR-68-MOC-DLH |
| ) | |
| v. ) | **MOTION IN LIMINE** |
| ) | |
| JOHN PATRICK PRICE, ) | |
| a/k/a MOLLY PRICE, ) | |
| a/k/a "Fruitwalker" ) | |
| _____) | |

## MOTION IN LIMINE TO ADMIT
## EVIDENCE OF SUBJECTIVE INTENT

NOW COMES the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina, and files this Motion in Limine to Admit Evidence of Subjective Intent. In support of this Motion, the United States shows the Court as follows:

1. The Defendant, John Patrick Price, also known as Molly Price,[1] stands accused of one violation of 18 U.S.C. § 875(c), which prohibits the interstate transmission of certain threatening communications.

2. The elements of the offense are: (1) that the defendant knowingly transmitted a communication in interstate or foreign commerce; (2) that the defendant subjectively intended the communication as a threat; and (3) that the content of the communication contained a "true threat" to kidnap or injure. *United States v. White*, 810 F.3d 212, 220-221 (4th Cir. 2016).

3. To prove the second element, the United States "must establish that the defendant transmitted the communication 'for the purpose of issuing a threat, or with knowledge that the

---

[1] The Defendant self-identifies at this time as Molly Price, and the United States will therefore refer to the Defendant throughout this filing in the feminine, as "Ms. Price."

1

communication will be viewed as a threat,' or, perhaps, with reckless disregard for the likelihood that the communication will be viewed as a threat." *White*, 810 F.3d at 221 (quoting *Elonis v. United States*, 135 S.Ct. 2001, 2012-13 (2015)).

4. At trial, the United States intends to introduce direct evidence of Ms. Price's knowledge that communications like the ones she made to the recipient in this case would be viewed by the recipient as a threat. *White*, 810 F.3d at 221. Specifically, on or about August 29, 2014, Ms. Price was interviewed by an FBI agent regarding certain threats made on the online gaming platform "League of Legends." The agent asked Ms. Price about statements like, "Riot[2] is going to pay," "all America will know," and more.

5. Ms. Price therefore knew better than most, at the time she committed the charged offense, that ominous statements delivered through an online platform to recipients other than the targets of the threats could, and likely would, be viewed by the recipient as a threat. Unlike most people, she knew, because of that conversation, that federal law enforcement would take such statements seriously enough to open an investigation.

6. The United States files this Motion in Limine to Admit Evidence of Subjective Intent solely to preempt any erroneous contention by the Defendant that the evidence discussed herein is Rule 404(b) evidence for which separate notice should have been provided.

7. First, the United States is not seeking to introduce evidence of "other acts" of the Defendant at all, which is what triggers the protections of Fed. R. Evid. 404(b) in the first place. In fact, the United States does not care whether the Defendant actually made the statements about which she was interviewed, and will not introduce any evidence proving that she did. Whether the Defendant made the statements is irrelevant for the sole purpose of the Government, which is to

---

[2] "Riot" was the developer of League of Legends.

2

Case 1:17-cr-00068-MOC-DLH   Document 32   Filed 08/04/17   Page 2 of 4

show that Ms. Price had special knowledge of how seriously certain online threats are perceived by their recipients. To that end, the United States seeks to introduce strictly limited testimony, from former FBI Agent Jeff Brooks, that he interviewed Ms. Price about certain statements made in an online gaming context, and that he told her what the threatening statements were. If anything, this is evidence of "other acts" by law enforcement, not by the Defendant, and Rule 404(b) therefore has nothing to do with it.

9. Second, even if that were not the case, the evidence at issue is direct evidence of an element of the crime. It is settled that "when 'other crimes, wrongs, or acts' evidence is relevant to establishing an element of the offense, Rule 404(b) is not even implicated." *United States v. Grimmond*, 137 F.3d 823, 832 (4th Cir. 1998) (collecting cases). *See also United States v. Afsharjavan*, 2015 U.S. Dist. LEXIS 113376, *4 (E.D. Va. Aug. 26, 2015) ("This case requires no advance notice, however, because the Government's proffered uses of evidence do not implicate Rule 404(b) . . . when the evidence of other acts 'is relevant to establishing an element of the offense, Rule 404(b) is not even implicated.'") (quoting *Grimmond*, 137 F.3d at 832).

For these reasons, the United States respectfully requests that this Court grant this Motion in Limine to Admit Evidence of Subjective Intent.

**RESPECTFULLY SUBMITTED** this 4th day of August 2017.

    JILL WESTMORELAND ROSE
    UNITED STATES ATTORNEY

    **/s/** Daniel V. Bradley
    DANIEL V. BRADLEY
    ASSISTANT UNITED STATES ATTORNEY
    100 Otis St., Suite 233
    Asheville, NC 28801
    (828) 271-4661 (main line)
    (828) 259-0644 (desk)
    Daniel.Bradley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August 2017, the foregoing was duly served upon all parties of record through CM/ECF.

/s/ Daniel V. Bradley
DANIEL V. BRADLEY
ASSISTANT UNITED STATES ATTORNEY
