UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:17-CR-68-MOC-DLH |
| | ) | |
| v. | ) | **RESPONSE TO MOTIONS IN LIMINE** |
| | ) | |
| JOHN PATRICK PRICE, | ) | |
| a/k/a MOLLY PRICE, | ) | |
| a/k/a "Fruitwalker" | ) | |
| | ) | |

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S MOTIONS IN LIMINE

NOW COMES the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina, and files this Response to the Defendant's Motions in Limine (DE 23; DE 24; DE 25; DE 29.) The United States responds to the Defendant as follows:

**A.  Motion in Limine to Exclude Incomplete Google Search Results (DE 23)**

On August 2, 2017, the Defendant, John Patrick Price, also known as Molly Price,[1] filed a Motion in Limine to Exclude Incomplete Google Search Evidence (DE 23). In that filing, the Defendant refers to a spreadsheet that the United States produced to the defense as a part of the discovery process. That spreadsheet consists of certain Google search "artifacts" which remained on the Defendant's computer when it was seized from her home during the execution of the search warrant. FBI Special Agent James Anderson prepared the spreadsheet after reviewing the total universe of artifacts and identifying those artifacts that are topically relevant to this case. Many of

---

[1]  The Defendant self-identifies at this time as Molly Price, and the United States will therefore refer to the Defendant throughout this filing in the feminine, as "Ms. Price."

1

those artifacts do bear date and time stamps, and all of those artifacts represent Google searches that took place between approximately April 1st and May 3rd of 2017.

While defense counsel did request a "complete" record of Ms. Price's Google search history on more than one occasion prior to filing the Motion in Limine (DE 23), the United States could not immediately identify a feasible way of complying with such a production request. The complete record includes more than 27,000+ Google search artifacts catalogued and displayed on a licensed FBI software program known as Internet Evidence Finder (IEF). A complete production would be senselessly cumbersome, given the irrelevance of the vast majority of that material. On August 4, 2017, however, after discussing the matter with defense counsel, the United States provided defense counsel with a complete record of Ms. Price's Google search artifacts date stamped between April 1st and May 3rd of 2017, the same time period from which SA Anderson previously selected relevant searches. At the same time, the United States also provided additional spreadsheets related to Ms. Price's internet use on April 27, 2017, and made clear to defense counsel that they are free to review the entirety of the forensic image of Ms. Price's computer in the FBI's Asheville, North Carolina, office.

The United States therefore takes the position that the issue regarding the completeness of discovery is resolved. The Defendant's objections based on irrelevance and unfair prejudice still stand, however (DE 23 at 2). The United States will address each in turn.

First, Ms. Price's Google search history *is* relevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. One of the facts in issue in this case is identity. The threats in question were made by an individual using the screen name "Fruitwalker" on Steam, a cloud-based gaming platform. While a host of evidence shows that the

2

"Fruitwalker" account belongs to Ms. Price, she has denied actually making the threatening communications that are at the core of this case. The United States therefore must establish that it was Ms. Price who logged onto Steam as "Fruitwalker," on April 27th, and sent the messages. One way to establish identity is to show that Ms. Price's computer—located in a home that she shares with nobody else—was used on other occasions to search for information consistent with the substance of the threats made in the April 27th conversation. For example, the person logged in as "Fruitwalker" made statements on April 27th regarding the performance of "Cho" and "Elliot," apparently referencing the Virginia Tech and UC-Santa Barbara mass murderers. And the Google artifacts show that somebody used Ms. Price's computer to search "cho," "cho shooting," and "elliot rodger" the very next day. There are numerous such similarities between the subject matter of the threatening conversation and the Google search artifacts, and the United States will use them to prove that it was, in fact, Ms. Price who made the threatening statements.

Second, as to unfair prejudice, the United States agrees with the Defendant that searches like "jew tax" and "jews called negros [sic]" prejudice the Defendant without adding much probative value in the manner described above. The United States will work with the defense to identify terms that both parties agree need not, or should not, be introduced, and to narrow the disputed universe prior to trial.

    **B.**    **Motion in Limine to Exclude Evidence of Prior Acts (DE 24)**

The United States is not seeking the admission of any evidence pursuant to Fed. R. Evid. 404(b), so no pretrial notices were necessary. The United States does not oppose the Defendant's Motion in Limine to Exclude Evidence of Prior Acts (DE 24), with the caveat that the United States will oppose any request to bar the evidence identified in the Government's Motions in Limine (DE 32; DE 33) on Rule 404(b) grounds.

3

### C. Motion in Limine to Exclude Evidence or Comment Regarding Defendant's Mental Health (DE 25)

Ms. Price's Motion in Limine to Exclude Evidence or Comment Regarding Defendant's Mental Health (DE 25) has several components. The Defendant first makes a semantic distinction regarding instances in which the Defendant has been hospitalized pursuant to Court Order (DE 25 ¶¶ 1-2), which the United States does not take up here because the United States consents to instruct its witnesses not to refer to any "involuntary commitment." The more pressing issue is whether "*any* reference to Ms. Price's mental health at trial is irrelevant, and would be confusing, misleading, and unfairly prejudicial, and would violate her right to personal privacy." (DE 25 ¶ 3.)

While references to Ms. Price's mental health doubtless carry some risk of prejudice, "Rule 403 only requires suppression of evidence that results in *unfair* prejudice—prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice 'substantially outweighs the probative value of the evidence.'" *United States v. Mohr*, 318 F.3d 613, 619-620 (4th Cir. 2003) (quoting 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 404.21[3][b] (Joseph M. McLaughlin, ed., 2d ed. 2002)) (emphasis added). Ms. Price's mental health status is highly probative of one of the elements of the offense, to the extent it was known to the recipient of her April 27th communications. That is because the "true threat" inquiry hinges on whether "an ordinary, reasonable recipient *who is familiar with the context in which the statement is made* would interpret it as a serious expression of an intent to do harm." *United States v. White*, 810 F.3d 212, 220-221 (4th Cir. 2016) (emphasis added). Part of that context is the recipient's personal knowledge of the threatener, including the threatener's mental health and relative stability or instability. *See, e.g., Pulaski County Special Sch. Dist.*, 306 F.3d 616, 626 (8th Cir. 2002) (explaining that the fact that victim knew of defendant's reputation for aggression made the threat more credible);

*United States v. Miller*, 115. F.3d 361, 364 (6th Cir. 1997) (explaining that the "manifest instability and irrationality of the perpetrator of these menaces did not objectively diminish the letter's credibility but instead predictably heightened apprehension by its recipients that the author could be sufficiently imbalanced to seek realization of his proclamations").

In short, Ms. Price's threats were perceived as a serious expression of an intent to do harm by the recipient in large part because of who the recipient knew Ms. Price to be, mental health struggles included. That is not a problem—that is to be expected in a case like this. To the extent evidence of who Ms. Price is prejudices her defense, it is only that prejudice which derives from the extreme probative value of the evidence. *Mohr*, 318 F.3d at 619-620. Furthermore, to counter any potential improper deliberation, the United States would consent to a limiting instruction cautioning the jury only to consider the Defendant's mental condition as it relates to the elements of the offense charged.

### D. Motion in Limine re: Proper Gender Identification (DE 29)

The Defendant's final Motion in Limine relates to her preferred gender identification (DE 29). The United States has no objection to the relief requested. The undersigned agrees to use the feminine and to refer to the Defendant as Molly Price throughout the trial, as the undersigned has done in all pretrial filings, and further agrees that the United States will instruct all witnesses to do the same. It is possible, however, that a witness will slip up. Ms. Price's cousin knew her for years before her transition, and often reflexively refers to her as "Patrick" when talking about their relationship before Ms. Price's time in the military, because "Patrick" is who Ms. Price outwardly was at that time. If such a slip-up occurs, it is important to note that this convention is a basic courtesy, rather than a legal necessity, and the integrity of the trial will not be negatively impacted.

The United States respectfully requests that this Court resolve the Defendant's Motions in Limine as set forth herein.

**RESPECTFULLY SUBMITTED** this 4th day of August 2017.

                              JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

**/s/** Daniel V. Bradley
DANIEL V. BRADLEY
ASSISTANT UNITED STATES ATTORNEY
100 Otis St., Suite 233
Asheville, NC 28801
(828) 271-4661 (main line)
(828) 259-0644 (desk)
Daniel.Bradley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August 2017, the foregoing was duly served upon all parties of record through CM/ECF.

/s/ Daniel V. Bradley
DANIEL V. BRADLEY
ASSISTANT UNITED STATES ATTORNEY
